UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In re FEDEX GROUND PACKAGE )
SYSTEM, INC., EMPLOYMENT )
PRACTICES LITIGATION )
) CAUSE NO. 3:05-MD-527 RM
) (MDL-1700)
)
) THIS DOCUMENT RELATES TO
) ALL CASES

**OPINION AND ORDER**

On August 10, 2005, this multi-district litigation case was transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1407 to perform consolidated pretrial proceedings. The Plaintiffs' main contention for many of their claims is that Defendant, FedEx Ground Package System Inc. ("FedEx"), was treating them as independent contractors when they were actually employees. As a result, the Plaintiffs seek a number of remedies that revolve around this issue including injunctive relief and damages.

On May 9, 2008, the Plaintiffs filed a motion to compel discovery. In that motion, the Plaintiffs sought to compel a document produced to FedEx from the Internal Revenue Office ("IRS") and to depose a FedEx executive, Sallie Ford ("Ford"), regarding an IRS audit. On August 21, 2008, this Court granted the Plaintiff's motion. See Doc. No. 1581. Thereafter, on September 28, 2008, FedEx filed a motion for reconsideration, which is currently pending before this Court. As a result, the document has yet to be disclosed, and the Plaintiffs have not yet taken Ford's deposition.

On September 21, 2009, the Plaintiffs filed another motion to compel, requesting a similar document which was subsequently produced to FedEx from the IRS in September 2009

and renewing their prior request for a limited deposition of Ford. On October 26, 2009, FedEx filed a response in opposition. On November 25, 2009, the Plaintiffs filed a reply. This Court now enters its ruling on this motion pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II.     RELEVANT FACTS

Sometime in 1995, the IRS issued a Letter of Assurance to FedEx regarding its independent contracter "driver model." Throughout the underlying litigation, FedEx has referred to this document numerous times to establish that FedEx has properly classified the Plaintiffs' employment status. Despite this fact, however, during a 2006 deposition of Ford, the Plaintiffs learned that the IRS had been auditing FedEx's driver model for a more recent year, but that the audit was not finished. Thereafter, in December of 2007, the IRS issued a Notice of Proposed Assessment ("NOPA"), indicating that the IRS had "tentatively concluded . . . that FedEx Ground's pick-up-and-delivery owner-operators should be reclassified as employees for federal income tax purposes." The Plaintiffs became aware of the 2007 NOPA through FedEx's filings with the SEC regarding the ongoing IRS audit.

In the previous motion to compel, the Plaintiffs sought to compel the production of the 2007 NOPA document and sought a second limited deposition of Ford regarding the developments of the IRS audit since her 2006 deposition. This Court granted the Plaintiffs' motion, concluding that the 2007 NOPA was relevant, not subject to a privilege, and discoverable. In addition, this Court granted the Plaintiffs' request for a narrow deposition of Ford regarding the audit, noting that the some of the underlying facts of Ford's testimony had subsequently changed. Because this Court's prior order is pending reconsideration, FedEx has yet to comply with this Court's prior order in either respect.

Subsequently, upon FedEx's request and ongoing negotiations with the IRS, the 2007 NOPA was withdrawn by the IRS. Thereafter, on September 11, 2009, FedEx provided an update on the status of the IRS audit to the SEC and this Court, indicating that a new NOPA had been issued regarding the IRS' more recent conclusions. Specifically, FedEx stated that the IRS had issued a new NOPA with respect to FedEx's Home Delivery Service and had assessed fourteen million dollars in tax penalties for its classification of Home Delivery workers. FedEx noted, however, that the IRS had not made a conclusion regarding FedEx's Ground division. Later, on September 17, 2009, FedEx disclosed to its shareholders that the IRS had applied a Section 530 "Safe Harbor" provision to FedEx's Ground Division and indicated that no further assessment would be made.[1] See Doc. No. 1787-4 at 18.

## II. ANALYSIS

Fed. R. Civ. P. 26 (b)(1) permits discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Relevant information need not be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26 (b)(1). For the purpose of discovery, relevancy will be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. Daimler Chrysler, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978)). This Court has broad discretion when deciding whether to compel discovery and may deny discovery to protect a party from oppression or undue burden. Fed. R. Civ. P. 26(c);

---

[1] Under the Safe Harbor provision, an employer can avoid taxes and penalties, even if the employer misclassified its workers, if the taxpayer reasonably relied on judicial precedent or a past IRS audit for its tax treatment of the workers.

Sattar v. Motorola, Inc., 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery."); Gile v. United Airlines, Inc., 95 F.3d 492, 495-96 (7th Cir. 1996) ("The district court exercises significant discretion in ruling on a motion to compel."). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Id. at 496.

A. Relevance

The Plaintiffs seek the newly issued NOPA for the same reasons that they sought the 2007 NOPA. To begin, the Plaintiffs note that FedEx has previously relied upon the 1995 Letter of Assurance to assert that the Plaintiffs were not misclassified for tax purposes. Further, the Plaintiffs note that FedEx has since disclosed a partial explanation of the contents of the 2009 NOPA to the SEC and this Court, claiming that the findings therein are final and favorable to FedEx's position in the underlying case. As such, because FedEx had evidenced an intention to utilize those IRS reports that support the conclusion that FedEx's classification of the workers was proper, the Plaintiffs contend that FedEx should not be permitted bar disclosure of IRS documents which may evidence conclusions to the contrary.

Along this line, the Plaintiffs contend that disclosure of the 2009 NOPA is necessary to permit the Plaintiffs an opportunity to evaluate the actual conclusions the IRS may have made regarding FedEx's designation of the workers' status, arguing that FedEx's unilateral explanation of the documents contents impermissibly permits FedEx to frame the evidence without disclosing the actual contents of the document for review. Specifically, the Plaintiffs assert that the 2009 NOPA may reveal conclusions by the IRS that FedEx's classification was improper even though not subject to tax penalties. In support, the Plaintiffs note that the IRS

4

Safe Harbor provision does not preclude a finding by the IRS that FedEx Ground's workers were misclassified. Without access to the document, the Plaintiffs argue that they can not properly evaluate the IRS' actual conclusions, leaving the document subject to unilateral interpretation by FedEx at trial.

The threshold issue of any discovery dispute is whether the discovery sought is relevant to issues in the litigation. FedEx does not contest that the requested document is relevant to the main issue of whether the FedEx drivers are independent contractors or employees. The key question in this suit is whether the 2009 NOPA "bears on, or . . . reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez, 206 F.R.D. at 619. As stated in this Court's prior order, "the main issue in this litigation pertains to the classification of FedEx drivers, and the NOPA and the supplemental deposition bear on the IRS's consideration of this issue." See Doc. No. 1581 at 4. Absent some argument that the 2009 NOPA is substantially different in nature than the 2007 NOPA, this Court sees no reason to deviate from its prior ruling regarding relevance in the immediate motion. The 2009 NOPA is relevant for precisely the same reasons as the 2007 NOPA is relevant.

B. Objections

Consequently, the only issues remaining are whether FedEx has articulated some justification for not disclosing the NOPA. The frequency or extent of the discovery methods otherwise permitted shall be limited by the court if it determines that:

> (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake

in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). FedEx makes three arguments in objection to disclosure, including arguments that: (1) the 2009 NOPA is not a final IRS determination and is, therefore, not subject to the parties' agreement regarding disclosure; (2) disclosure would be unduly burdensome to FedEx because it would reveal confidential tax information to the public; and (3) equity should preclude disclosure based upon the Plaintiffs' previous resistance to FedEx's requests for tax information.

In response, the Plaintiffs assert that this Court has already rendered a conclusion on these issues in its prior order regarding the 2007 NOPA. Specifically, the Plaintiffs' note that this Court concluded that the 2007 NOPA was relevant, not subject to privilege, and discoverable. Given the nearly identical nature of the 2009 NOPA and the remarkably similar objections raised by FedEx against disclosure, the Plaintiffs argue that the issues should, once again, be resolved in the same manner as in this Court's prior ruling.

First, FedEx primarily argues that the 2009 NOPA is not a final determination by the IRS and is therefore not discoverable pursuant to the parties' agreement. In support, FedEx notes language in a standing discovery agreement between the parties, in which FedEx agreed to disclose,

> determinations from any state or federal taxing agency which have decided the issue of whether individuals providing pickup and delivery services for FedEx Ground are independent contractors or employees. [FedEx] will produce these determinations even though they may be on appeal or otherwise subject to challenge.

FedEx argues that this language only mandates discovery of final determinations. Accordingly, FedEx argues that NOPAs are not IRS determinations but rather proposals by IRS field officers

and therefore not implicated by the parties' agreement. In contrast, FedEx contends that determinations made by the IRS should only be considered final if issued in the form of a "Notice of Determination of Worker Classification," a document which the IRS has not yet rendered in this case.

This Court does not agree with FedEx in this regard. To begin, this Court notes that FedEx has previously and frequently relied upon the 1995 Letter of Assurance by the IRS to support FedEx's position regarding the propriety of its employee classification. Similarly, this Court notes FedEx's limited disclosure of the 2009 NOPA to the SEC and this Court, framing the contents of the document and the IRS' conclusions in a manner distinctly favorable to FedEx. As stated in this Court's previous opinion, "Fedex cannot credibly argue that the IRS documents were discoverable when it was favorable to Fedex's position but now when it may not support Fedex's position they are not discoverable." Doc. No. 1581 at 6. FedEx cannot have it both ways. Having shown its intention to rely on other "non-final" IRS documents to support its position, FedEx must disclose those non-final documents which may evidence contrary conclusions, including the 2009 NOPA and the supporting documentation.

Second, FedEx argues that the 2009 NOPA is a confidential tax communication, the disclosure of which would interfere with the fundamental public policies encouraging dialogue between corporations and government agencies. This argument is identical to FedEx's prior argument in relation to the 2007 NOPA. As such, this Court determines it prudent to resolve the issue in a similar manner to its prior order.

Even though the NOPA is a an IRS document, there is no special privilege that prevents documents created by or for the IRS from being discoverable. See Poulus v. Naas Foods, Inc.,

959 F.2d 69, 74 (7th Cir. 1992). Because the document is not privileged, the Court's assessment is directed at weighing the relevancy of the document against the burden of production. As with the 2007 NOPA, this Court finds that the relevancy of the 2009 NOPA outweighs any harassment or embarrassment that FedEx will suffer if it is disclosed. Most significantly, this Court notes that FedEx has placed the IRS's opinion of its driver model at issue. See Paulos, 959 F.2d at 75 (indicating that party opposing discovery put the topic of discovery at issue was crucial factor). Plaintiffs indicate, and FedEx does not deny, that they have frequently pointed to the IRS's 1995 Letter of Assurance to support its position in this litigation. FedEx cannot credibly argue that the IRS documents were discoverable when it was favorable to FedEx's position but now when it may not support FedEx's position they are not discoverable.

Third, FedEx argues that discovery in this instance should be proscribed because the Plaintiffs have refused FedEx's prior attempts to obtain the Plaintiffs' tax records. However, this Court finds this argument to be unpersuasive as the alleged prior discovery disputes are not the subject of this motion to compel. This Court has concluded in two orders, in August of 2008 and now, that the NOPAs are relevant and discoverable. As such, FedEx's thin equity argument, regarding unrelated discovery disputes not presently before this Court, is insufficient to persuade this Court that the undisputedly relevant 2009 NOPA should not be disclosed.

Finally, FedEx rehashes its prior argument that Ford should not be subject to a second deposition because the 2009 NOPA is not discoverable, rendering any further depositions unnecessary. However, because this Court has now concluded that the 2009 NOPA is discoverable, this Court repeats its prior conclusion that the Plaintiffs should be additionally

8

permitted to depose Ford to address the narrow issues generated from the 2007 and 2009 NOPAs and the most recent IRS audits.

### III. CONCLUSION

Because the Plaintiffs' discovery requests are relevant, not subject to a privilege, and discoverable, this Court now **GRANTS** the Plaintiffs' motion to compel. [Doc. No. 1787]. FedEx is **ORDERED** to produce the 2009 NOPA and accompanying documentation. Further, the Plaintiffs shall be permitted to depose Ford to address the narrow issues generated from both the 2007 and 2009 NOPAs and the most recent IRS audits, consistent with this and its prior order regarding the 2007 NOPA.

**SO ORDERED.**

Dated this 4rd Day of December, 2009.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge