UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br><br> ALL ACTIONS | Cause No. 3:05-MD-527 RM <br> (MDL-1700) |

## OPINION and ORDER

This matter is before the court on the plaintiffs' motion (doc. ## 1559, 1564) to strike references to stricken declarations in the defendant's memoranda in opposition to the plaintiffs' motions to amend class certification orders. The plaintiffs in Michigan, Missouri, Virginia, Montana, South Dakota, Massachusetts and Illinois seek to amend the class certification orders denying class certification in each state arguing, in part, that the issue of actual control can be proven by common evidence, so common issues predominate and class certification is warranted. Those plaintiffs point to the summary judgment record and argue that their use of common proof establishes that the plaintiffs are actually controlled in like manner by FedEx Ground Package System, Inc. through its uniform Operating Agreement, policies and procedures and consistent practices.

In response to the plaintiffs' motions to amend and motions for summary adjudication, FedEx submitted declarations that this court previously had stricken. The plaintiffs now move for an order striking all references to the

stricken declarations contained in FedEx's memoranda in opposition to the plaintiffs' motions to amend (docket nos. 1418 to 1424) as more specifically set forth in the chart attached to the declaration of Eleanor Morton (doc. # 1560). The plaintiffs similarly have moved the court to strike all references to the stricken declarations in FedEx's statement of genuine issues submitted in opposition to plaintiffs' motions for summary adjudication. Magistrate Nuechterlein struck these declarations from the class certification record on July 23, 2007 because FedEx didn't properly supplement its initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) and 26(e)(1) to identify these witnesses (doc. # 818). This court denied FedEx's motion for reconsideration of the magistrate judge's order on November 19, 2007 (doc. # 1015). FedEx urges the court to reach a different conclusion and allow it to use the stricken declarations in opposition to the plaintiffs' motions to amend class certification and opposition to the plaintiffs' summary judgment motions. For the reasons that following, the court declines FedEx's request.

On January 9, 2006, FedEx served its initial disclosures to the plaintiffs, identifying, in part, the following individuals as likely to have discoverable information that FedEx may use to support its claims or defenses: "Named plaintiffs, plaintiffs, putative class members and contractors in jurisdictions in or relevant to the MDL 1700 actions." FedEx didn't list any specific names of individual putative class members in that disclosure. On June 30 and September 15, 2006, FedEx supplemented its initial disclosures and provided the names and

2

contact information for current contractors nationwide — about 10,000 names were disclosed. Non-expert discovery closed on December 31, 2006 and on January 3 and January 31, 2007, FedEx again supplemented its Rule 26(a) initial disclosures, this time identifying a substantially smaller list of witnesses that it might use to support its claims or defenses. With its responses to class certification, FedEx submitted statements from putative class members who were listed in its January 3 and January 31 supplemental disclosures. The plaintiffs moved to strike the declarations because FedEx didn't supplement its disclosure to inform the plaintiffs of the specific witnesses FedEx intended to rely upon before the close of discovery.

The magistrate judge found that FedEx's extensive list of thousands of employees didn't satisfy the duty to disclose and supplement under Rule 26(a). Although FedEx's September 15, 2006 list contained all the names of possible witnesses, the magistrate judge found that it was only complete in form, not in substance. The magistrate judge noted that FedEx had internally began narrowing the list months before it disclosed the more specific list in January 2007 (after the close of discovery). Accordingly, the magistrate judge concluded that "candor and good faith should have caused a supplemental disclosure to the Plaintiffs well before the discovery period closed to alert them of the specific witnesses FedEx intended to use." Doc. # 818, pp. 6-7. The magistrate judge further found that there was no chance to cure the prejudice because at the time of the court's ruling, class certification was already well underway. The magistrate judge

reasoned that "[i]t is simply not possible to re-open discovery at this late date because it would unreasonably delay the resolution of class certification as well as the filing of dispositive motions later this year." Doc. # 818, p. 9. Given the circumstances, the magistrate judge ruled that Federal Rule of Civil Procedure 37(c)(1) demanded that the witness statements submitted by FedEx be stricken. This court denied FedEx's motion for reconsideration of the magistrate judge's order, finding that the ruling wasn't erroneous or contrary to law.

FedEx contends that the court's July 2007 decision was limited to questions of prejudice and fault as it pertained to the use of these materials during the class certification phase. FedEx reasons that throughout discovery and the class certification phases, the plaintiffs insisted that they would prove their case through the right to control retained by FedEx and not by reference to the actual control exercised. Under this presentation of the case, FedEx states that the contractors' individual experiences weren't relevant. At the summary judgment phase, FedEx indicates that the plaintiffs seek to rely on evidence beyond the Operating Agreement and generally applicable policies and procedures to demonstrate that the "actual relationship" between FedEx and the plaintiffs isn't consistent with an independent contractor relationship. FedEx says it knew at the class certification stage that it would seek to use contractors' experiences to demonstrate variations, but it couldn't have known which contractors it would need to refute specific factual allegations of "practical reality" at the merits stage. Accordingly, FedEx asks the court to allow it to rely on the declarations at this

4

stage of this litigation. FedEx says it has no objection to permitting the plaintiffs to conduct reasonable discovery of the contractor declarants before trial and that discovery isn't necessary before resolution of the summary judgment motions because as the non-moving party, FedEx is entitled to have its facts credited. FedEx urges the court to consider the declarations as an example of the type of evidence that it would elicit at trial.

The plaintiffs respond that under Rule 37, the declarations are inadmissable and cannot create a triable issue of material fact to defeat summary adjudication, nor can they be used at trial. They further assert that a party can only defeat summary judgment using actual admissible evidence, not a "type" of testimony that the party "might" elicit at trial. As to the evidence in their summary judgment briefs, the plaintiffs contend that they don't rely on "individualized evidence", but instead point to common evidence applicable to the class as a whole to establish FedEx's right to control and systematic exercise of control. Because discovery closed before FedEx specifically identified the declarants (there was only one round of discovery addressing both class certification and the merits), the plaintiffs contend that they will be prejudiced from FedEx's use of the declarations at any stage of the proceeding.

The court agrees with the plaintiffs that the stricken declarations can't be used as evidence to support FedEx's opposition to the plaintiffs' motions to amend class certification or FedEx's opposition to the plaintiffs' summary judgment motions. Rule 37 provides that "[i]f a party fails to provide information or identify

5

a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. PROC. 37(c)(1). Although the magistrate judge's July 2007 order struck the affidavits from FedEx's class certification responses, the sanction was imposed under Rule 37(c)(1) and the order's intent was to prohibit FedEx from relying on the named witnesses during *both* the class certification and summary judgement stage. *See* Doc. # 818, p. 9 (it is "simply not possible to re-open discovery at this late date because it would unreasonably delay the resolution of class certification as well as the filing of dispositive motions later this year."). FedEx's argument that the court should rely on the inadmissible declarations as an example of the "type" of evidence it will elicit at trial is prohibited by Federal Rule of Civil Procedure 56, which requires supporting or opposing affidavits to "set out facts that would be admissible in evidence." FED. R. CIV. P. 56(e)(1); *see also* Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 704 (7th Cir. 2009) ("To defeat a summary judgment motion, . . .a party may rely *only* on admissible evidence.") (citations omitted) (emphasis added).

The court is unpersuaded by FedEx's argument that it wasn't aware of the need for these witnesses during the discovery process because it believed the plaintiffs would rely only on common evidence to present its claims. At that stage in the litigation, there was no indication that this court would limit its review of the evidence to commonly applicable evidence; indeed, neither party is so limited

in the states in which class certification has been denied. The defense asserted by FedEx and supported by the stricken declarants — that the "practical realities" of the parties' relationship shows that FedEx didn't have the right to control and didn't exercise actual control over the drivers — isn't a new defense that could have been developed and supported only after reviewing the plaintiffs' summary adjudications submissions. FedEx's argument that these witnesses are rebuttal witness and so not required to be disclosed, is misplaced. The court in <u>Hess v. Reg-Ellen Machine Tool Corp.</u>, No. 00-C-50275, 2003 WL 21209756, *6 (N.D. Ill. May 22, 2003) denied a similar argument where the defendant should have been aware of its defense witnesses before the disclosure deadline. The <u>Hess</u> court case reasoned that "[i]f defense counsel's argument is accepted, all defense witnesses become rebuttal witnesses and there would not be any 26(a)(1) by defendants." <u>Id.</u> Whether the plaintiffs have relied improperly on individualized evidence in their submissions is a separate matter and will be addressed accordingly; the plaintiffs' submissions, however, don't affect the court's Rule 37 sanction prohibiting FedEx from relying on the named witnesses. FedEx's late disclosures have prejudiced the plaintiffs because they haven't had the ability to conduct discovery with respect to the witnesses, and this court isn't willing to reopen discovery and delay this matter further.

The court GRANTS the plaintiffs' motion to strike references to the stricken declarations in the defendant's memoranda in opposition to plaintiffs' motions to amend the court's class certification orders (doc. ## 1559, 1564). The plaintiffs,

in their motions seeking to strike FedEx's statements of genuine issues filed in support of its opposition memoranda to plaintiffs' summary judgment motions, move to strike FedEx's SGI raising numerous issues. *See* Doc. 1499 and 1588. The court GRANTS the plaintiffs' motions IN PART (doc. # 1499 and 1588), striking the stricken declarations for the reasons set forth in this order. The court will address the plaintiffs' broader request to strike FedEx's SGI by separate order.

SO ORDERED.

ENTERED: <u>February 23, 2010</u>

<u>/s/ Robert L. Miller, Jr.</u>
Judge
United States District Court