THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) | |

ORDER AND OPINION

This matter is before the court on FedEx Ground Package System's motion to clarify scheduling orders (doc. # 2017). FedEx requests clarification of the following statement in this court's January 22, 2010 order: "The deadline for expert discovery and filing of dispositive motions as to the determination of employee and independent contractor status — the overriding centralized issue in this case — has expired." Do. # 1991, p. 7. FedEx asks the court to clarify that the parties aren't precluded from offering expert witnesses and opinions at trial on the independent contractor classification question that differ from those the parties offered at the class certification and the summary judgment phases. The plaintiffs object, contending that the deadline for disclosing experts and engaging in expert discovery has passed and neither the parties nor the court intended to impose a separate deadline for trial. The court agrees with the plaintiffs.

In its November 29, 2005 scheduling order, the court stated that "[d]iscovery

1

for purposes of class certification and discovery for purposes of the merits of Plaintiffs' claims will take place concurrently. Consequently, all discovery related to independent contractor/employment status and summary judgment shall be completed by August 1, 2006." (Doc. # 58, p. 3). The deadlines for expert disclosures and expert discovery for the class certification and summary judgment phases initially were set concurrently, but the court later extended the expert discovery deadlines for the summary judgment phase beyond the deadline set for the class certification phase. Doc. # 261. The court explained that it previously ordered the parties to conduct discovery on the issue of class certification and the merits simultaneously, but upon the parties' request to extend merits discovery, the court modified the deadlines for the exchange of expert reports and discovery for summary judgment. Doc. # 261, pp. 3-4. The court issued additional orders extending the deadlines to serve expert reports and to depose experts relied on for summary judgment. Doc. ## 481, 766, 833, 1118, and 1425.

FedEx argues that no deadlines have been established for expert disclosures, reports, or discovery *for trial*, because this court's previous orders only set such deadlines for the class certification phase and summary judgment phase of the proceedings. FedEx says that separate disclosure requirements for class certification experts, summary judgment experts and trial experts make sense because each expert serves a specialized role and is directed to a different audience. FedEx further contends it's reasonable for the parties to disclose trial experts after the court's rulings on summary judgment when the issues have been

2

further defined. Finally, FedEx contends that as a practical matter, experts for briefing differ from trial experts because of the extent of their applicability. FedEx reasons that an expert's report can support briefs in numerous cases, but once a case is remanded, the expert might need to testify at trial, which given the numerosity of trials throughout the country, could require the retention and disclosure of additional expert witnesses.

Although the court tied the expert disclosure and discovery deadlines to the summary judgment phase of the MDL proceeding, the orders also indicate that the discovery deadlines were for the merits stage, which includes trial. There is no indication in the court's orders that a separate expert deadline would be set for trial and instead, the orders clearly indicate that the court intended for the class certification and merits discovery to run concurrently. If FedEx believed these deadlines were ambiguous, it should have raised the issue earlier. Both parties have engaged in extensive expert discovery as to the issue of employment status and having a separate expert deadline for the same issue for the trial phase of litigation would be unduly prejudicial to the plaintiffs; it would not only unduly delay this litigation, but would require the plaintiffs to expend more time and resources on discovery that already has been conducted extensively.

FedEx's arguments that it makes sense to have different deadlines for summary judgment and trial are unconvincing. FedEx had an opportunity to disclose experts that it believed would be appropriate for both the summary judgment and trial phase of litigation. If the substance of the expert findings is the

same for summary judgment and trial — that the drivers are independent contractors — the manner in which the opinion is presented to the jury can be modified and restructured by the attorney's examination questions at trial. Further, FedEx didn't need to wait until after summary judgment for clarification of the issues. At the time of the expert disclosure and discovery deadline, FedEx was well aware of the issue — whether FedEx drivers are employees or independent contractors. Finally, there is no indication why scheduling conflicts for trials can't be arranged so that FedEx experts can testify at the various trials that might be held in this proceeding. The court won't extend discovery because trial calendars not yet set might conflict.

As previously indicated, the court divided summary judgment into two stages: "summary judgment or adjudication on issues relating to independent contractor/employment status and summary judgment or adjudication as to other issues." Doc. # 58. The discovery deadline has passed, except that to date, expert discovery has only been directed to class certification and employment-status issues. Doc. # 261. Accordingly, to clarify, the deadline for expert disclosure and discovery on the issue of employment status for all phases of litigation has passed, but additional expert discovery may be warranted for issues other than employment status.

SO ORDERED.

ENTERED:   April 21, 2010

/s/ Robert L. Miller, Jr.
Judge
United States District Court