THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |  |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | ) ) ) ) ) ) |  |

OPINION AND ORDER

This matter is before the court on the plaintiffs' various motions to amend the court's denial of class certification arguing, in part, that collateral estoppel presents a common issue for all FedEx drivers (doc. # 1318, 1326, 1333, 1339, 1340, 1341, and 1342). The plaintiffs explain that at the time of class certification, one significant legal issue common to all the drivers didn't exist: the collateral estoppel effect of the <u>Estrada</u> decision on the issue of employment status.

The plaintiffs have filed motions for summary judgment arguing as an initial matter that FedEx is precluded from relitigating whether it reserved the right to and actually exercised control over its pick-up and delivery drivers under the Operating Agreement and substantially the same FedEx policies and practices at issue in <u>Estrada v. FedEx Ground Package Sys., Inc.</u>, Los Angeles Superior Court, Case No. BC210130, *affirmed* 64 Cal. Rptr. 3d 327 (Cal. App. Ct. 2007). For purposes of the plaintiffs' motions to amend class certification, the relevant

inquiry is whether collateral estoppel presents a common issue applicable to all drivers within the relevant class.

The plaintiffs seek class certification under Federal Rule of Civil Procedure 23(b)(3), which permits a case to proceed as a class action when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). This rule requires predominance of common questions over individual ones and superiority of the class action mechanism. In re General Motors Corp. Dex-Cool Prods., 241 F.R.D. 305, 313 (S.D. Ill. 2007).

The parties present the issue of whether the court can certify a class based on the common issue of collateral estoppel. "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." FED. R. CIV. P. 23(c)(4). Most courts that have considered this question agree that the "predominance requirement is met by examining *each cause of action* independently of one another." McDaniel v. Qwest Commc'n Corp., No. 05-C-1008, 2006 WL 1476110, *15 (N.D. Ill. May 23, 2006) (*citing* Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 441 (4th Cir. 2003)) (emphasis in original). In recent years though, "some sister courts have held that in cases where class certification of issues is sought pursuant to Rule 23(c)(4)(A), the requirement of predominance is to be evaluated in a different, less demanding manner than in cases where claims are sought to be certified for class treatment." In re General Motors Corp.

2

Dex-Cool Prods., 241 F.R.D. at 313 (citing cases); *see also* McDaniel v. Qwest Communications Corp., 2006 WL 1476110, *15 (stating that there is some authority for an "issue-specific predominance analysis" under Rule 23).

After considering the positions taken by various courts, the court in In re General Motors concluded that "an expansive approach to class certification under Rule 23(c)(4)(A) is supported neither by the text of Rule 23 nor the binding precedent of this Circuit." 241 F.R.D. at 314. The court reviewed Seventh Circuit case law, and reasoned that "[w]here class certification is sought as to issues under Rule 23(c)(4)(A), Rule 23(b)(3)'s requirements of predominance and manageability must be satisfied, and class certification must be denied where those requirements cannot be met . . ." Id. "A district court cannot manufacture predominance through the nimble use of subdivision (c)(4)." Id. (*citing* Castano v. Am. Tobacco Co., 84 F.3d 734, 745 n. 21 (5th Cir. 1996)).

Our court of appeals, however, has encouraged "district courts to employ Rule 23(c)(4) to the fullest extent in considering class certification under Rule 23(b)(3)." McDaniel v. Qwest Communications Corp., 2006 WL 1476110, *16. In In re Allstate Ins. Co., 400 F.3d 505, 508 (7th Cir. 2005), the court vacated class certification, but observed that a class-wide determination of whether an employer had a policy of constructively discharging its employees would be more efficient than redetermining that question repeatedly in individual hearings to determine why any particular employee quit. The court explained:

> A single hearing may be all that's necessary to determine whether Allstate had a policy of forcing its employee agents to quit. This issue could be decided first and then individual hearings conducted to determine which of the members of the class were actually affected by the policy rather than having decided to quit for their own reasons. FED. R. CIV. P. 23(c)(4)(A). That would be a more efficient procedure than litigating the class-wide issue of Allstate's policy anew in more than a thousand separate lawsuits.

Id. Accordingly, district courts are provided with a certain level of flexibility when determining if a matter should be certified as a class under Rule 23(c)(4)(A).

Even if it were appropriate to certify classes to resolve particular issues such as collateral estoppel, the court declines to do so here. This court has already denied class certification on the plaintiffs' claims, finding that the determination of employment status requires individualized analysis of actual control, and therefore, common issues don't predominate. Although the collateral estoppel effect of the Estrada decision is a common issue among the proposed classes, it doesn't predominate over the individual issues necessary to resolve the plaintiffs' causes of actions. Certifying a class for the sole purpose of determining whether the Estrada decision has collateral estoppel effect wouldn't be a superior method of adjudication because if the court finds against preclusion, the underlying claims still would need to be resolved on an individualized basis. The bifurcation of the collateral estoppel issue and the underlying claims wouldn't result in an efficient adjudication of the controversy.

The parties have fully briefed whether the Estrada decision should have collateral estoppel effect on the issue of employment status, so it is appropriate

4

to address the merits of the plaintiffs' claim at this time. The court acknowledges that a class certification decision isn't tied to the merits of the claim. *See* Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 677 (7th Cir. 2001) ("The success of the [statute] depends on making a definitive class certification decision before deciding the case on the merits, and on judicial willingness to certify classes that have weak claims as well as strong ones."). The court, though, must determine whether the case as framed is likely to proceed most sensibly as a class action. *See* Id. (finding that when deciding whether to grant class certification, the district court wasn't required to accept the allegations in the complaint as true, but rather had to make whatever factual and legal inquiries as necessary to ensure that the prerequisites and requirements for class certification were satisfied, even if underlying considerations overlapped with the merits of the case).

For the reasons stated above, the court finds that it isn't sensible to certify a class to resolve the collateral estoppel issue; this is reinforced by the court's separate order finding that Estrada doesn't have preclusive effect in the MDL cases. The court therefore DENIES the plaintiffs' motions to amend the court's denial of class certification (doc. nos. 1318 (MI), 1326 (MO), 1333 (VA), 1339 (IL), 1340 (MT), 1341 (MA), and 1342 (SD)) on the basis of collateral estoppel. In accordance with the court's March 30 order, the court will rule on the plaintiffs' remaining arguments to amend class certification by separate order.

SO ORDERED.

ENTERED:   April 21, 2010

  /s/ Robert L. Miller, Jr.
Judge
United States District Court